**In re ANSCHUETZ & COMPANY, GmbH., Petitioner.**

No. 84–3286.

United States Court of Appeals, Fifth Circuit.

March 7, 1988.

Neal D. Hobson, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for petitioner.

James O.M. Womack, New Orleans, La., for Boh Bros.

Kenneth J. Servay, Derek A. Walker, Campbell E. Wallace, and Paul A. Nalty, New Orleans, La., for Compania.

Peter Heidenberger, Washington, D.C., and George Arceneaux, Jr., New Orleans, La., for amicus-Federal Republic of Germany.

Wm. A. Porteous, III, New Orleans, La., for Landis.

John M. Rogers, Appellate Staff, Civ. Div., Justice Dept., Washington, D.C., for the U.S.A.

Cornelius G. Van Dalen, New Orleans, La., for Ms. River.

Before BROWN, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This case comes to us on remand from the Supreme Court. We are directed to reconsider our earlier opinion, *In re Anschuetz & Co., GmbH,* 754 F.2d 602 (5th Cir.1985), in the light of the high court's decision in *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* — U.S. —, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). In that case, the Supreme Court considered how district courts should resolve conflicts presented between the application of the Federal Rules of Discovery and the Hague Convention's Procedures on Taking Evidence Abroad when presented with discovery requests to be effected in a foreign country. The question decided by the Supreme Court is virtually identical to the issue presented in this case, and the only question remaining before us is whether we need to say any more than the Supreme Court has already said. Although the petitioner here asks us to develop specific guidelines to direct the district court in resolving conflicts between the two sets of discovery rules, we decline to do so. We do think, however, that certain points made by

the majority opinion, and also by the minority opinion, need some emphasis and we turn now to make our brief comment.

The facts in this case are amply set out in our earlier opinion. Petitioner Anschuetz, a German company that manufactures steering devices, is a third-party defendant in litigation concerning a boat accident on the Mississippi River, filed in Louisiana district court. During pretrial discovery, Anschuetz moved for a protective order, claiming that discovery requests issued pursuant to the Federal Rules of Discovery violated Hague Convention Procedures On Taking of Evidence Abroad in Civil or Commercial Matters (T.I.A.S. No. 7444), signed by the United States in 1974. This treaty, now effective in fifteen nations, prescribes certain procedures by which a judicial authority in one country may request evidence located in another, and, in particular, it attempts to bridge the wide disparity between discovery techniques practiced in common law countries and in civil law countries. In our previous opinion, *In re: Anschuetz & Co., GmbH,* 754 F.2d 602, we held that use of the Hague Convention procedures was not required where the party in question was subject to the *in personam* jurisdiction of the United States courts.

On writ of certiorari, as we have noted, the Supreme Court vacated and remanded this case for further consideration in the light of *Societe Nationale Industrielle Aerospatiale,* 107 S.Ct. 2542. In that case the Supreme Court held that the district court has complete discretion to determine the most appropriate manner of producing evidence in the cases before it. Although the Hague Convention procedures are therefore not mandatory, they are available if and when they will facilitate the gathering of evidence, and, the Supreme Court held, these discovery procedures should be one method of seeking evidence that the district court could employ.

On the remand now before us, Anscheutz, apparently concerned that the significance of the Hague Convention may be overlooked during the course of litigation in an American court, urges us to issue a

presumptive rule that district courts use the Hague Convention procedures before turning to the Federal Rules, or to adopt some analysis similar to the tripartite analysis advocated by Justice Blackmun in his dissent. *See Societe Nationale*, 107 S.Ct. at 2557 (Blackmun dissent). Unfortunately for Anscheutz, such an approach was specifically rejected by the majority opinion in *Societe Nationale*, and we consider that our bridling the discretion of the district court in such a way is contrary to the clearly expressed majority view. There can be no mistake that the Supreme Court intended that the district court exercise wide discretion in resolving conflicts between the two sets of discovery rules and in applying the discovery techniques to be used in the cases being tried before it. The district court is only directed to determine whether the Hague Convention proceedings are appropriate after "scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to these procedures would prove effective." *Societe Nationale*, 107 S.Ct. at 2256.

We hold, therefore, that this specifically described test is the standard that should be applied by the district court in this case. We would note, however, as the Supreme Court noted, that sensitive interests of sovereign powers are involved and that it would be a serious mistake for the district court not to respect properly such interests in the course of deciding the appropriate discovery techniques to be applied. In weighing the respective rights of the parties before it, and in determining the need for granting discovery requests, the "exact line between reasonableness and unreasonableness" is clearly a matter for the trial court. The Supreme Court did note, however, that

American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests. When it is neces-

sary to seek evidence abroad, however, the District Court *must supervise pretrial proceedings particularly closely to prevent discovery abuses....* Objections to "abusive" discovery that foreign litigants advance should therefore receive the most careful consideration.... American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interests expressed by a foreign state.

*Societe Nationale*, 107 S.Ct. at 2557 (emphasis added).

In line with these comments, we emphasize that it is most important that the district court should consider, with due caution, that many foreign countries, particularly civil law countries, do not subscribe to our open-ended views regarding pretrial discovery, and in some cases may even be offended by our pretrial procedures. The purpose of the Hague Convention is to strike a compromise among different systems of laws in order to facilitate the administration of justice without creating unnecessary friction among the foreign entities involved. One example of such a consideration, offered for illustrative purposes only, is the constitutional principle of proportionality in the Federal Republic of Germany, "pursuant to which a judge must protect personal privacy, commercial property, and business secrets." *Societe Nationale*, 107 S.Ct. at 2563, (Blackmun, J., dissenting).

In conclusion, we note, as Judge Blackmun noted in his dissent, that the responsibility for recognizing the "needs of the international commercial system and the accommodation of those needs already endorsed by the political branches and embodied in the Convention," *id.* 107 S.Ct. 2568, has been placed in the hands of the district courts, and we are certain that the courts of this circuit, when considering discovery requests, such as those involved in this case, will be sensitive to interests expressed in the Hague Convention.

For further proceedings consistent with this opinion, this case is REMANDED.